UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIM MORSE,<br><br>            Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,[1]<br><br>            Defendant. | CASE NO. C06-0201RSM<br><br>ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND REMANDING |

## **I. INTRODUCTION**

This matter comes before the Court on plaintiff's Objections to the Report and Recommendation ("R&R") issued by United States Magistrate Judge Monica J. Benton, recommending that this Court deny plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.

For the reasons set forth below, the Court ADOPTS the R&R to the extent that it finds that the ALJ properly assessed the non-examining psychologists' opinions and plaintiff's credibility, and that the ALJ made a proper Step Five evaluation.

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 1, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

ORDER - 1

The Court DECLINES TO ADOPT the R&R to the extent that the Court agrees with plaintiff's argument that the ALJ did not properly evaluate the treating psychiatrist's opinion, and remands for further evaluation.

## II. DISCUSSION

### A. Background

Judge Benton has set forth the relevant background of this case, as found in Parts I-VI of the R&R. (Dkt. #16 at 1-6). Accordingly, the Court incorporates those sections in this Order by reference. To the extent that any additional factual information is relevant to the instant motion, the Court will include that information in its discussion below.

### B. Reports of Treating Physician

Plaintiff argues that the ALJ did not provide clear and convincing reasons for rejecting the opinions of treating psychiatrist Dr. Rozina Lakhani. The ALJ cited three reasons for giving "very little weight" to Dr. Lakhani's report dated March 8, 2005. He stated that: 1) Dr. Lakhani gave answers in response to questions formulated by plaintiff's counsel; 2) Dr. Lakhani did not explain her conclusions in that report regarding plaintiff's extreme and marked limitations; and 3) Dr. Lakhani only provided a list of plaintiff's generic symptoms. (Dkt. #8 at 31). Judge Benton correctly found that the purpose for which a report is obtained does not provide a legitimate basis for rejecting it, and the ALJ improperly gave less weight to the opinion by relying on the fact that the opinion was produced at the request of plaintiff's counsel. (Dkt. # 16 at 7-8).

However, the R&R goes on to state that "when evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings." (Dkt. #16 at 8). This misapprehends the standard under which an ALJ may reject the opinion of a treating physician. In fact, an ALJ need not accept the opinion of a treating physician if that opinion is brief, conclusory, and inadequately supported by clinical findings *regardless* of whether there are other, conflicting medical opinions in the record. If the ALJ does rely on conflicting medical opinions in rejecting the opinion of the treating physician, he

ORDER - 2

must then set forth specific and legitimate reasons for doing so that are based on substantial evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Nowhere does the ALJ in this case state that he is rejecting the treating physician's report because it conflicts with the report of the non-examining state physicians. The Court is constrained to review the reasons the ALJ asserts. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). Whether and how the medical reports in the record might conflict with the treating physician's report and treatment notes is a determination that must be left to the ALJ. Where, as here, the ALJ fails to set forth specific, legitimate reasons for rejecting the opinion of a treating physician in favor of the conflicting opinion of another examining physician, the Court cannot do so in his stead. *Id.* at 874.

Further, the R&R states that neither Dr. Lakhani's March 2005 opinion nor her treatment notes support plaintiff's claim that she based her opinions in part on objective psychiatric signs. In fact, Dr. Lakhani's treatment notes do indicate objective findings. These progress reports contain a section for the plaintiff's self-reported symptoms, as well as a section for Dr. Lakhani's observations. As plaintiff points out, Dr. Lakhani has indicated in various parts of those reports abnormalities in mood, affect, speech and psychomotor functioning that she has observed in examinations. (Dkt. #17 at 5). Although these observations are not included in the March 2005 report, Dr. Lakhani's treatment notes are part of the medical evidence of record. The ALJ refers to those treatment notes in several paragraphs of his decision, relying on them at least once when he determined that the claimant had sought illegal drugs. (Dkt. #8 at 29). Nowhere does he indicate that he has rejected them as unreliable or contradictory. In addition, in the March 2005 report, Dr. Lakhani specifically mentions that in treating plaintiff's depression, she has tried multiple medications, which she finds have had little, if any, success. (Dkt. #8 at 359).

In this case, the ALJ failed to take into account Dr. Lakhani's treating notes, despite having relied on them elsewhere in his decision. If the Court determines that the ALJ erred, it has discretion to remand for further proceedings or to award benefits. See *Marcia v. Sullivan*, 900

ORDER - 3

F.2d 172, 176 (9th Cir. 1990). Since it is up to the ALJ to resolve conflicts in medical testimony and resolve ambiguities in the evidence, the Court remands this case for further evaluation of the treating psychiatrist's opinion and notes.

### III. CONCLUSION

The Court has reviewed the entire record, including the administrative record, the memoranda of the parties, and the Report and Recommendation of United States Magistrate Judge Monica J. Benton. It is therefore ORDERED:

(1) The Court ADOPTS the Report and Recommendation to the extent that it finds that the ALJ properly assessed the nonexamining psychologists' opinions and plaintiff's credibility, and that the ALJ made a proper Step Five evaluation;

(2) The Court DECLINES TO ADOPT the portion of the Report and Recommendation that finds that the ALJ properly evaluated the treating psychiatrist's opinion;

(3) The Court REMANDS the case to the ALJ for further evaluation of the treating physician's records; and

(4) The Court shall direct copies of this order to all counsel of record and to Magistrate Judge Benton.

DATED this ___26___ day of February, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 4